UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CARL MARTIN, | )<br>)<br>) |
| Plaintiff, | )<br>) Civil Action No.<br>) 19CV479<br>) |
| v. | ) Jury Trial Demanded<br>) |
| ROWAN-SALISBURY SCHOOL SYSTEM, | )<br>)<br>) |
| Defendant. | ) |

## COMPLAINT

Comes now the Plaintiff, Carl Martin, proceeding pro se, and complaining of the Defendant, alleges and says:

### NATURE OF COMPLAINT

1. This is an action seeking damages against Defendant for violation of Plaintiff's rights protected by the Age Discrimination in Employment Act, 29 U.S.C. § 621, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

### PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, Carl Martin, approximate age 64 at the time of the incidents alleged herein, is a black male and citizen and resident of Rowan County, North Carolina.

3. Defendant, Rowan-Salisbury School System, is a North Carolina educational unit and may be served with process through its Superintendent, Dr. Lynn Moody, at 500 North Main Street, Salisbury, North Carolina, 28144.

4. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as there are issues of Federal Law

1

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (c) as Defendant is subject to the personal jurisdiction of this Court and because many of the acts giving rise to this action occurred in this District.

## ALLEGATIONS

6. Carl Martin, (hereinafter "Martin" or "Plaintiff") began working for Defendant in or around January 2013 and remained employed until his removal from his position on or about June 14, 2018.

7. Martin worked for Defendant as Child Nutrition Maintenance (CNM) at all times pertinent to this Complaint.

8. Martin was qualified for the position of CNM based on his training and experience.

9. Martin is a black male who was 64 years old at the time of the incidents alleged herein.

10. During the course of his employment, Martin was treated less favorably than younger and non-black employees by Defendant's management and supervisors, as well as regular and ongoing bullying by other employees.

11. Martin learned that two other white employees who held the same position as CNM were paid at a paygrade level 66, while Martin was paid at a paygrade level 64. Martin was equally qualified to receive a paygrade level 66, however, was not placed in one.

12. Martin complained to Defendant about the lower pay he was receiving compared to other white employees, but nothing was done to address the situation. Even after the other employees holding CNM positions had left their employment, Martin was expected to complete their job duties, in addition to the duties he already held in his role. Defendant still did not compensate Martin for his additional work.

13. In or about December 2017, Martin applied for the position of Facilities Project Coordinator with Defendant, which would have been a promotion from his position as CNM.

14. Martin held more qualifications for the position of Facilities Project Coordinator than any of the other applicants, including having multiple certificates, licenses, degree, and experience in maintenance.

15. Martin was interviewed in front of the committee that was deciding who would fill the role of Facilities Project Coordinator. The committee filled the position with a substantially younger, white employee who did not have the level of qualification that Martin had for the position, and in fact, was not qualified for the role at all.

16. On or about May 25, 2018, Martin filed a charge of Age and Race Discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC").

17. On or about February 6, 2019, the EEOC issued a Notice of Right to Sue.

18. This lawsuit is filed within ninety (90) days of the date of the Notice of Right to Sue.

**FIRST CLAIM FOR RELIEF**
**(ADEA, 29 U.S.C. § 621 et. seq.)**

19. Plaintiff incorporates by reference the allegations of paragraph 1 through 18 of the complaint.

20. Defendant's treatment of Plaintiff was due to Plaintiff's age (approximately 64).

21. Defendant's treatment of Plaintiff due to his age violated the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. § 621 *et. seq.*

22. Defendant's treatment of Plaintiff in violation of the ADEA caused Plaintiff's injuries including but not limited to lost wages, salary and benefits.

3

23. Defendant's actions were willful and damages awarded for such willful conduct should be doubled.

24. Therefore, Plaintiff sues Defendant for violation of the ADEA, 29 U.S.C. § 621 et. seq

## SECOND CLAIM FOR RELIEF
### (Title VII of the Civil Rights Act)

25. Plaintiff incorporates by reference the allegations of paragraph 1 through 18 of the complaint.

26. Defendant's treatment of Plaintiff was due to his race (black).

27. Defendant's actions in violation of Title VII due to Plaintiff's race caused Plaintiff damages including economic damages such as lost wages and great emotional distress, mental pain, suffering, stress, grief, worry and mental anguish.

28. Defendant's actions were willful, intentional and in reckless disregard for Plaintiff's civil rights.

29. Therefore, Plaintiff sues Defendant for violation Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

A. The Court enter a judgment in favor of Plaintiff and against Defendant to include compensation for lost wages, lost benefits, and other economic losses that were proximately caused by the discriminatory and/or unlawful actions referenced herein.

B. The Court enter a judgment in favor of Plaintiff and against Defendant pursuant to the ADEA for liquidated damages.

C. The Court enter an award in favor of Plaintiff and against Defendant Pursuant to the ADEA for reasonable expenses and costs including attorney's fees.

D. The Court enter a judgment in favor of Plaintiff and against Defendant for the great emotional distress, mental pain, suffering, stress, grief, worry and mental anguish caused by Defendant's actions as alleged herein.

E. The Court enter an award in favor of Plaintiff and against Defendant for punitive damages caused by its intentional, willful, wonton, and reckless actions.

F. This matter be tried by a jury

G. The judgment bear interest at the legal rate from the date of filing this action until paid;

H. Defendant be taxed with the costs of this action; and

I. The Court order such other and further relief as it may deem just and proper.

Respectfully submitted this the __8__ day of May, 2019.

_____
Carl Martin
108 11th Street
Spencer NC 28159
704.647.4646

5